UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23123-CIV-ALTMAN/Goodman

**DREAM BUILDERS OF**
**SOUTH FLORIDA CORP**, *et al.*,

    Plaintiffs,
v.

**MID-CONTINENT**
**CASUALTY COMPANY**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS MATTER** comes before the Court upon (1) the Motion to Remand to State Court ("Motion to Remand") [ECF No. 49], filed by the Plaintiffs, Dream Builders of South Florida Corporation ("Dream Builders") and Cristian Schmidt ("Schmidt"); and (2) the Motion to Realign the Parties ("Motion to Realign") [ECF No. 50], filed by the Defendant, Mid-Continent Casualty Company ("MCC"). Both motions have been fully briefed.[1] Having carefully considered the parties' written submissions, the record, and the applicable law, the Court hereby **DENIES** the Motion to Realign and **GRANTS** the Motion to Remand.

## The History

This action involves an insurance coverage dispute between Dream Builders, a Florida construction corporation with its principal place of business in Florida, and MCC, an Ohio-based

---

[1] *See* MCC's Response in Opposition to Motion to Remand ("Response Opposing Remand") [ECF No. 51]; Defendant Candice Nicole Cohen's ("Cohen") Response in Support of Motion to Remand ("Response Supporting Remand") [ECF No. 62]; Cohen's Response in Opposition to Motion to Realign Parties ("Response Opposing Realignment") [ECF No. 61]; and MCC's Reply in Support of its Motion to Realign Parties ("Reply Supporting Realignment") [ECF No. 66].

insurance corporation with its principal place of business in Oklahoma. *See* Motion to Remand ¶ 3. Dream Builders initially filed this declaratory judgment action in state court, seeking a declaration, pursuant to Florida Stat. Ch. 86, that MCC had a duty to defend and indemnify it in a separate, state-court suit Cohen filed against it. *See* MCC's Notice of Removal [ECF No. 1] ¶¶ 1-4. Because, at the time, the state declaratory judgment action involved one Florida plaintiff (Dream Builders) and a non-Florida defendant (MCC), MCC removed the case to this Court on the basis of diversity jurisdiction. *See id.* ¶ 10.

After removal, and after conferring with MCC, Dream Builders amended its complaint to add two indispensable parties: (1) Schmidt, who is a co-defendant in the underlying litigation, as a Plaintiff; and (2) Cohen, the plaintiff in the underlying suit, as a Defendant. *See* Second Amended Complaint [ECF No. 46]. Because Dream Builders, Schmidt, and Cohen are all Florida residents, the Plaintiffs then moved to remand the case on the ground that the Amended Complaint divested this Court of its diversity jurisdiction. *See generally* Motion to Remand. In response, MCC filed a motion asking the Court to realign the parties in a way that, in its view, more accurately reflected their respective interests. *See generally* Motion to Realign. According to MCC, Cohen, the plaintiff in the underlying state-court case, should likewise be a plaintiff—not a defendant—here. *Id*. Because the relief the two Motions seek—Dream Builders' Motion to Dismiss and MCC's Motion to Realign—are thus intertwined, the Court will adjudicate them both here.

### **The Law**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." *See* 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity: every plaintiff must be diverse from each defendant. *See Triggs v. John Crump Toyota,*

*Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted).

The burden of establishing federal jurisdiction falls on the party attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

"The parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)). "[T]he converse of this principle—that parties cannot avoid diversity by their designation of the parties—is also true." *Id.* Instead, federal courts must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis*, 314 U.S. at 69 (cleaned up).

## **Analysis**

The Plaintiffs' Motion to Remand is straightforward: because, they say, there are now Florida citizens on both sides of this case, this Court no longer has diversity jurisdiction—and, accordingly, the case must be remanded. *See generally* Motion to Remand. MCC, for its part, argues that Cohen (a Florida resident) should be realigned as a plaintiff, at which point, MCC notes, the Florida litigants will all be on the same side of this dispute. *Id*. This alignment, MCC says, will leave the Court's diversity jurisdiction undisturbed. *Id*. Because, in short, the Motion to Realign, if granted, would moot the Motion for Remand, the Court will address it first.

MCC argues that Cohen should be realigned as a plaintiff because her interests are aligned with the Plaintiff-insureds, Dream Builders and Schmidt—and not with MCC. *See id.* at 2 ("Cohen's interests are aligned with Dream Builders' and Schmidt's, as Cohen, Dream Builders, and Schmidt all desire declarations from the Court that there is insurance coverage available for Cohen's claims in the Underlying Action."). In support, MCC cites a number of cases, including a published opinion from the Eleventh Circuit, for the proposition that "'the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party.'" *City of Vestavia Hills*, 676 F.3d at 1314 (quoting *Home Ins. Co. of Illinois v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998)); *see also* Motion to Realign at 3 (citing cases).

Cohen, who opposes realignment, contends that MCC "improperly conflates the two issues that are central to this case" by failing to acknowledge that, on the particular question of realignment, there are salient differences between a state-court plaintiff's interests in (1) a declaratory judgment action in which the duty to indemnify is ripe and (2) a similar action in which only the duty to defend is at issue. Response Opposing Realignment at 1. In recent cases, the Eleventh Circuit has said that the duty to indemnify is typically not ripe until the state-court plaintiff wins the underlying suit. And, as Cohen points out, the federal district courts—including the district court whose judgment was affirmed in *Vestavia Hills*—have regularly held that, where the question of indemnification is not yet ripe, a Court need not realign the parties in the way MCC requests. *See id.* at 8-12 (citing cases).

The Court agrees with Cohen here. Although the federal courts are admittedly split on this question—whether realignment is appropriate where, as here, the underlying suit is pending[2]—federal courts across the country have routinely accepted the following three propositions (which,

---

[2] *See generally* Motion to Realign Parties; Response Opposing Realignment.

4

together, significantly undermine MCC's position): (1) the parties' interests may differ meaningfully with respect to the insurer's duty to *defend* on the one hand and its concomitant duty to *indemnify* on the other; (2) the duty to indemnify does not generally ripen until the state-court plaintiff has obtained a favorable judgment against the insured in the underlying state case; and (3) realignment at the duty to *defend* stage may not be appropriate—even where, hypothetically speaking, it might one day become appropriate if the insurer's duty to *indemnify* were to ripen. *See, e.g.*, *Sinclair v. Auto-Owners Ins. Co.*, 22 F. Supp. 3d 1257, 1262 (N.D. Ga. 2014) (denying realignment and remanding where, as here, the state-court plaintiff had not yet obtained a judgment in underlying state action); *Pearson v. Catlin Specialty Ins. Co.*, No. CV 514-60, 2015 WL 1224104, at *3 (S.D. Ga. Mar. 17, 2015) (denying realignment where the state-court plaintiff had not yet obtained a favorable judgment in the state action because the duty to defend was the "primary and controlling matter in the dispute"); *Scheele v. Fortney*, No. 14-81279-CV, 2014 WL 12478006, at *3 (S.D. Fla. Nov. 20, 2014) (denying realignment); *Gulf Hauling & Const., Inc. v. QBE Ins. Corp.*, No. CA 2:13-00083-C, 2013 WL 2179278, at *8 (S.D. Ala. May 20, 2013) (declining to realign, distinguishing *Vestavia Hills*, and remanding declaratory action to state court); *Preferred Chiropractic, LLC v. Hartford Cas. Ins. Co.*, No. 10-CV-972-DRH, 2011 WL 2149091, at *3 (S.D. Ill. May 31, 2011) (declining to realign parties and noting that adversity between the state-court plaintiff and the state-court defendant "will not end until judgment has been reached in the underlying proceeding").

And this makes sense. Before a judgment has been entered in the underlying state case—what we might call "the duty to defend" stage—the state-court plaintiff (here, Cohen) has very little interest in seeing her adversary (here, Dream Builders) represented—at no additional cost—by a well-funded and sophisticated insurance defense firm.

To be sure, if Cohen is right—that is, if MCC has no duty to *defend* Dream Builders in the underlying state-court suit—then MCC likewise would have no duty to *indemnify* Dream Builders. *See Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011) (citations omitted) (holding that, where there is no duty to defend, there can be no duty to indemnify). And, without a duty to indemnify, Cohen will have no insurance proceeds to draw from in the event Dream Builders is hit with a substantial verdict. But the implications of Cohen's position on the availability of insurance proceeds does not support the broader claim that, as a matter of logic, the interests of a state-court plaintiff, like Cohen, cannot, at the duty to defend stage, be "truly" aligned with the interests of the insureds. After all, a state-court plaintiff may logically conclude that the insured's assets are substantial enough—or that her claim is small enough—that she can make a full recovery with or without insurance. And, juxtaposing the availability of the insured's assets against the prejudice she might feel upon the appearance in her case of a large and well-funded insurance defense firm, a state-court plaintiff might rationally decide that she prefers to do without the insurance company altogether. Indeed, a state-court plaintiff, like Cohen, might reasonably feel that, if Dream Builders were forced to defend and indemnify itself in the state suit, it may well make the efficient business decision to settle that suit—thus avoiding, *inter alia*, the significant expense associated with the retention of outside counsel. In either of these—and perhaps other— logical scenarios, then, the state-court plaintiff's interests would be *misaligned* with the interests of the state-court defendant. And, indeed, Cohen's insistence here that her interests are, in fact, misaligned with Dream Builders'—an insistence that necessarily precludes her from later supporting any argument Dream Builders might make for indemnification—certainly belies MCC's point that, in a declaratory judgment action that arises at the *duty to defend* stage, the interests of state-court plaintiffs necessarily align with those of state-court defendants.

To avoid this result, MCC suggests that the issue of indemnity—where, it says, Cohen's interests *are* aligned with Dream Builders'—is in fact "ripe" for the Court's adjudication now. *See* Reply Supporting Realignment at 3-5. But the Eleventh Circuit has roundly rejected this argument in two recent cases. *See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) ("We agree with these cases and the district court's conclusion that MCC's duty to indemnify Delacruz is not ripe for adjudication until the underlying lawsuit is resolved."); *J.B.D. Const., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims."). Notably, in both of these cases, MCC was, as here, the party seeking an adjudication on the question of its duty to indemnify. And, of course, in both cases, the Eleventh Circuit disagreed with MCC and held that the duty to indemnify does not ripen until the state-court plaintiff has obtained a favorable judgment. It is, therefore, no surprise that, even *Vestavia Hills*—a published Eleventh Circuit case upon which MCC heavily relies—concluded that the question of realignment is appropriate *only* where the duty to indemnify is squarely at issue. *See City of Vestavia Hills*, 676 F.3d at 1314-15 ("There no longer is any dispute between Vestavia Hills and Cameron, and the only thing that Cameron could want out of this case is for Vestavia Hills to win. . . . Vestavia Hills has already obtained judgment against Cameron."). In sum, the question of indemnity is not, as it was in *Vestavia Hills*, yet ripe here. *See Mid-Continent Cas. Co.*, 766 F. App'x at 770; *Mid-Continent Cas. Co.*, 571 F. App'x at 927.

Because the question of indemnification is not yet ripe—and given that Cohen's and Dream Builders' interests are not, at this duty to defend stage, "truly" aligned—a realignment in the form MCC requests would be both inappropriate and, in some respects, illogical. Without this realignment, of course, Florida residents remain on both sides of this dispute—and, as a result, this

Court lacks diversity jurisdiction.

******

Accordingly, the Court hereby **ORDERS and ADJUDGES** as follows:

1. The Motion to Realign **[ECF No. 50]** is **DENIED**.

2. The Motion to Remand **[ECF No. 49]** is **GRANTED**. This action is remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. All other pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of August 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record